UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cr. No. 21-10354-JEK |
| | ) | |
| 21.  TAKARI ELLIOTT, | ) | |
| a/k/a "T-Paper," | ) | |
| Defendant | ) | |

## PROPOSED JURY INSTRUCTIONS

**KOBICK, J.**

### TABLE OF CONTENTS

DUTY OF THE JURY TO FIND FACTS AND FOLLOW THE LAW ....................................... 4
DEFENDANTS' CONSTITUTIONAL RIGHT NOT TO TESTIFY............................................ 5
VERDICT BASED SOLELY ON THE EVIDENCE; IMPROPER CONSIDERATIONS .......... 6
THE EVIDENCE.................................................................................................................... 7
WHAT IS NOT EVIDENCE................................................................................................... 8
KINDS OF EVIDENCE—DIRECT AND CIRCUMSTANTIAL.............................................. 9
INFERENCES ...................................................................................................................... 10
CAUTIONARY AND LIMITING INSTRUCTIONS ............................................................... 11
STIPULATIONS .................................................................................................................. 12
CREDIBILITY OF WITNESSES ......................................................................................... 13
PRIOR INCONSISTENT STATEMENTS ............................................................................ 14
LAW ENFORCEMENT AND GOVERNMENT WITNESSES ............................................... 15
COOPERATING WITNESSES ............................................................................................ 16
LAW ENFORCEMENT INVESTIGATIVE TECHNIQUES .................................................. 18
USE OF RECORDINGS AND TRANSCRIPTS.................................................................... 19
CHARTS.............................................................................................................................. 20
NOTE-TAKING ................................................................................................................... 21
EXHIBIT NUMBERS .......................................................................................................... 22
EVIDENCE OF THE CHARGE—INTRODUCTION ............................................................ 23
CONSPIRACY AND SUBSTANTIVE CRIMES .................................................................. 24
CONSPIRACY—AGREEMENT.......................................................................................... 25
OBJECT OF THE CONSPIRACY........................................................................................ 26
COUNT ONE—CONSPIRACY TO CONDUCT ENTERPRISE AFFAIRS THROUGH
A PATTERN OF RACKETEERING ACTIVITY—ELEMENTS OF THE CRIME.................. 27
COUNT ONE—FIRST ELEMENT ...................................................................................... 28
COUNT ONE—FIRST ELEMENT—AGREEMENT CHARGED IN THE
INDICTMENT...................................................................................................................... 29
COUNT ONE—FIRST ELEMENT—OBJECT OF THE CONSPIRACY ................................ 31
COUNT ONE—FIRST ELEMENT—"ENTERPRISE"......................................................... 32
COUNT ONE—FIRST ELEMENT—AFFECTING "INTERSTATE COMMERCE" ............. 33
COUNT ONE—FIRST ELEMENT—"RACKETEERING ACTIVITY".................................. 34
COUNT ONE—FIRST ELEMENT—"PATTERN" ............................................................... 35
COUNT ONE—SECOND ELEMENT—KNOWINGLY AND WILLFULLY AGREED
TO PARTICIPATE IN THE CONSPIRACY ......................................................................... 36
COUNT ONE—SECOND ELEMENT—KNOWLEDGE OF AIMS OF CONSPIRACY ........ 37
COUNT ONE—SECOND ELEMENT—INDIRECT PROOF OF INTENT ............................. 38
COUNT ONE—THIRD ELEMENT—AGREEMENT TO COMMIT RACKETEERING
ACTS .................................................................................................................................. 39
COUNT ONE—THIRD ELEMENT—RACKETEERING ACTS—MASSACHUSETTS
AND FEDERAL LAW.......................................................................................................... 40
COUNT ONE—THIRD ELEMENT—NO PROOF OF SPECIFIC RACKETEERING
ACTS REQUIRED ............................................................................................................... 41
COUNT ONE—THIRD ELEMENT—UNANIMOUS AGREEMENT ON TYPE OF
RACKETEERING ACTIVITY .............................................................................................. 42
COUNT ONE—DEFINITION OF MURDER.......................................................................... 43

COUNT ONE—ATTEMPTED MURDER AND CONSPIRACY TO COMMIT MURDER.... 47
    Assault with Intent to Murder ................................................................................. 47
    Armed Assault with Intent to Murder ...................................................................... 47
    Conspiracy to Commit Murder ................................................................................ 47
THIRD ELEMENT—RACKETEERING ACTS—MASSACHUSETTS LAW—
ROBBERY ................................................................................................................... 49
    Armed Robbery ........................................................................................................ 49
    Armed Assault with Intent to Rob .......................................................................... 49
THIRD ELEMENT—RACKETEERING ACTS—FEDERAL LAW ........................ 50
    Conspiracy to Distribute Controlled Substances or to Possess with Intent to
    Distribute .................................................................................................................. 50
COUNT ONE—CRIMES THAT DO NOT QUALIFY AS RACKETEERING ACTS ............. 51
FOREPERSON'S ROLE; UNANIMITY ................................................................... 52
REACHING AGREEMENT ....................................................................................... 53
RETURN OF VERDICT FORM ................................................................................. 54
COMMUNICATION WITH THE COURT ................................................................ 55

**DUTY OF THE JURY TO FIND FACTS AND FOLLOW THE LAW**

It is your duty to find the facts from the evidence admitted in this case. To those facts, you must apply the law as I give it to you. The determination of the law is my duty as the judge. It is your duty to apply the law exactly as I give it to you, whether you agree with it or not.

In following my instructions, you must follow all of them, and not single out some and ignore others. They are all important.

You must not interpret these instructions, or anything I may have said or done, as a suggestion by me as to what verdict you should return—that is a matter entirely for you to decide.

## DEFENDANTS' CONSTITUTIONAL RIGHT NOT TO TESTIFY

Like all defendants, the defendants in this case have a constitutional right not to testify. No inference of guilt, or of anything else, may be drawn from the fact that the defendants did not testify. That fact should not enter in any way in your deliberations or your vote. For any of you to do so would be wrong; indeed, it would be a violation of your oath as a juror.

**VERDICT BASED SOLELY ON THE EVIDENCE; IMPROPER CONSIDERATIONS**

Your verdict must be based solely upon the evidence. It would be improper for you to base your verdict on anything that is not evidence.

You may not base your verdict on any personal feelings, prejudices, or sympathies you may have about the defendants or about the nature of the crimes with which they are charged.

You may not consider or be influenced by any possible punishment that may be imposed on the defendants.

Again, your verdict must be based solely on the evidence and according to the law.

## THE EVIDENCE

The evidence in this case consists of the sworn testimony of witnesses, both on direct and cross-examination; the exhibits that have been received into evidence; and any facts to which the parties have agreed or stipulated. You should consider all of the evidence, no matter what form it takes, and no matter which party introduced it.

Whether the government has sustained its burden of proof does not depend upon the number of witnesses it has called, or upon the number of exhibits it has offered, but instead upon the nature and quality of the evidence presented.

## WHAT IS NOT EVIDENCE

Certain things are not evidence.

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them from the evidence differ from the way the lawyers have stated them, your memory of the facts should control.

(2) Questions by lawyers, standing alone, are not evidence. Again, the lawyers are not witnesses. The question and the answer taken together are the evidence.

(3) Objections by lawyers are not evidence. Lawyers have a duty to their clients to object when they believe a question or an exhibit is improper under the rules of evidence. You should not be influenced by any objection or by my ruling on it, and you should not speculate or guess about what the answer might have been or what an exhibit might have said.

(4) Anything that I have struck or instructed you to disregard is not evidence.

(5) The indictment is not evidence.

(6) Anything you may have seen or heard when the court was not in session is not evidence. You must decide the case solely on the evidence received at trial.

## KINDS OF EVIDENCE—DIRECT AND CIRCUMSTANTIAL

Evidence may take the form of either "direct evidence" or "circumstantial evidence." "Direct evidence" is direct proof of a fact, such as testimony from an eyewitness that the witness saw something. "Circumstantial evidence" is indirect evidence; that is, proof of a fact (or facts) from which you could draw a reasonable inference that another fact exists, even though it has not been proved directly.

You are entitled to consider both direct and circumstantial evidence. The law permits you to give equal weight to both. It is for you to decide how much weight to give to any particular piece of evidence, whether direct or circumstantial.

**INFERENCES**

Although you may consider only the evidence presented in the case, you are not limited to the plain statements made by witnesses or contained in the documents.  In other words, you are not limited solely to what you saw and heard as the witnesses testified.

You are also permitted to draw reasonable inferences from the facts, if you believe those inferences are justified in light of common sense and personal experience.  An inference is simply a deduction or conclusion that may be drawn from the facts that have been established.  Any inferences you draw must be reasonable, and based on the facts as you find them.  Inferences may not be based on speculation or conjecture.

## CAUTIONARY AND LIMITING INSTRUCTIONS

A particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I have told you when that occurred, and instructed you on the purposes for which the item can and cannot be used.

## STIPULATIONS

Some of the evidence has been received in the form of a stipulation. A stipulation simply means that the government and the defendant accept the truth of a particular proposition or fact.

Because there is no disagreement, there is no need for evidence as to that issue apart from the stipulation. You may accept the stipulation as a fact to be given whatever weight you choose.

## CREDIBILITY OF WITNESSES

You do not have to accept the testimony of any witness if you find that the witness is not credible. You must decide which witnesses to believe, considering all of the evidence and drawing upon your common sense and personal experience. You may believe all of the testimony of a witness, or some of it, or none of it. You alone are the judges of the witnesses' credibility.

In deciding whether to believe testimony of the witnesses, you may want to take into consideration such factors as their conduct and demeanor while testifying; any apparent fairness or unfairness they may have displayed; any interest they may have in the outcome of the case; any prejudice or bias they may have shown; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other evidence that tends to support or contradict their versions of the events.

If a witness testified falsely about any significant matter, you may choose to distrust the testimony of that witness in other respects. You may reject all of the testimony of that witness or give it such credibility as you may think it deserves.

## PRIOR INCONSISTENT STATEMENTS

The testimony of a witness may be discredited or impeached by showing that he or she previously made statements that are inconsistent with his or her present testimony. If a witness made inconsistent statements about any significant matter, you may choose to distrust the testimony of that witness in other respects. You may reject all of the testimony of that witness or give it such credibility as you may think it deserves.

Sometimes, of course, people make innocent mistakes, particularly as to unimportant details; not every contradiction or inconsistency is necessarily important. Again, you alone are the judges of the witnesses' credibility.

## LAW ENFORCEMENT AND GOVERNMENT WITNESSES

You have heard the testimony of law enforcement officers and other witnesses employed by the government.  You may accept or reject that testimony.  The fact that a witness may be employed as a law enforcement officer or by the government does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or less weight than that of any other witness.

Again, it is for you to decide whether to accept the testimony of any witness, and what weight, if any, to give to that testimony.

## COOPERATING WITNESSES

You have heard the testimony of witnesses who have entered into cooperation agreements with the government.

The law allows the government to enter into such agreements, to make promises of potential rewards for cooperation, and to call as witnesses people to whom such promises have been given. The government may give or promise different types of benefits to such persons, including such things as assistance with immigration matters.

However, a witness who participated in criminal activity, and who has entered into a cooperation agreement with the government, has an interest in the outcome of the case that is different from that of an ordinary witness. A cooperating witness may, of course, testify truthfully in all respects. But such a witness may also have a motive to tailor his or her testimony to please the government. You should therefore examine the testimony of a cooperating witness with caution and weigh it with greater care.

Again, it is for you to decide whether to accept the testimony of any witness, and what weight, if any, to give to that testimony.

## EYEWITNESS IDENTIFICATION

Testimony by a witness as to identity must be received with caution and scrutinized with care. The government's burden of proof extends to every element of each crime charged, including the burden of proving beyond a reasonable doubt the identity or an alleged perpetrator of an offense.

You may consider the following in evaluating the accuracy of an eyewitness identification as well as any other questions you believe are important:

First, you should ask whether the witness was able to observe, and had an adequate opportunity to observe the person who committed the crime charged. Many factors affect whether a witness has had an adequate opportunity to observe the person committing the crime. Those factors include the length of time during which the witness observed the person, the distance between the witness and the person, the lighting condition, how closely the witness was paying attention to the person, whether the witness was under stress while observing the person, who committed the crime, whether the person's facilities were impaired by the ingestion or alcohol or narcotics, and any other factors you consider important.

Second, you should ask whether the witness is positive in the identification and whether the witness's testimony remained positive and unqualified after cross-examination. If the witness's identification testimony is positive and unqualified, you should ask whether the witness's certainty is well-founded.

## LAW ENFORCEMENT INVESTIGATIVE TECHNIQUES

You have heard testimony that law enforcement used certain investigative techniques. You may consider that testimony as you would any other evidence, and give it such weight as you believe it may deserve under the circumstances.

The government is entitled under the law to use undercover or cooperating witnesses, or to make audio or video recordings, in order to collect evidence in a case. Law enforcement agents may engage in stealth and deception, such as by undercover agents using false names and appearances and assuming the role of members in criminal organizations.

It is up to you to decide whether the evidence is sufficient to prove the guilt of any defendant beyond a reasonable doubt. You may not, however, base your verdict on any disagreement with the use of such investigative techniques, or because you believe the government acted illegally or improperly.

## USE OF RECORDINGS AND TRANSCRIPTS

Some of the evidence in this case consists of English translations of recorded conversations that took place in Spanish.

As I have instructed you, the written transcripts were prepared by the government, and reflect its view as to what was said, what the correct translation is, and who is speaking. It is for you to decide, based on all the evidence, whether those transcripts are accurate. In other words, just because it is written in a transcript does not mean that it is necessarily accurate.

## CHARTS

Certain charts have been shown to you in order to help explain the facts disclosed by the evidence in the case. They are not themselves evidence. If they do not correctly reflect the evidence in the case, you should not accept them.

**NOTE-TAKING**

As I indicated at the beginning of the trial, you have been permitted to take notes, but some cautions apply. You should bear in mind that not everything that is written down is necessarily what was said. When you return to the jury room to discuss the case, do not assume simply because something appears in somebody's notes that it necessarily took place in court. Notes are an aid to recollection, nothing more; the fact that something is written down does not mean that it is necessarily accurate.

**EXHIBIT NUMBERS**

The numbers assigned to the exhibits are for convenience and in order to ensure an orderly procedure.  You should draw no inference from the fact that a particular exhibit was assigned a particular number, or that there may be gaps in the number sequence.

## EVIDENCE OF THE CHARGE—INTRODUCTION

I am now going to give you some instructions on the nature of the crime charged in the indictment and the elements of the crime that the government must prove beyond a reasonable doubt.

The indictment charges Takari Elliott, also known as "T-Paper," with conspiracy to participate in a racketeering enterprise. Racketeering is a crime under federal law. Conspiracy to commit racketeering is also a crime under federal law—it is a separate crime from racketeering.

"Racketeering" means conducting the affairs of an "enterprise" that affects "interstate commerce" through a "pattern" of "racketeering activity." Each of those terms has a particular meaning, which I will explain to you.

Again, the defendant is charged with conspiracy to commit racketeering. I will begin by explaining the meaning of a "conspiracy."

## CONSPIRACY AND SUBSTANTIVE CRIMES

A conspiracy is an agreement to commit a crime. Again, it is a separate crime from the crime that is the object of the conspiracy—what we sometimes call the "substantive" crime.

I will give you a simple example to help illustrate the difference between a crime and a conspiracy to commit that crime. It is a federal crime to commit bank robbery. (This case, of course, does not involve an alleged bank robbery; I am using this only as an illustration.) If a person robs a bank, he has committed a bank robbery. If three people agree to rob a bank—one thinks up the plan, one agrees to rob the bank, and one agrees to drive the getaway car—all three have conspired to rob the bank.

## CONSPIRACY—AGREEMENT

Again, a conspiracy is an agreement to commit a crime.  The agreement may be spoken or unspoken.  It does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all the details.   The government, however, must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime.

Mere similarity of conduct among various people, or the fact that they may have associated with each other or discussed common aims and interests, does not necessarily establish the existence of a conspiracy, although you may consider such factors in deciding whether a conspiracy existed.  Mere association with other persons, even persons involved in criminal activity, does not by itself establish the existence of a conspiracy.

## OBJECT OF THE CONSPIRACY

The object of a conspiracy must be one or more crimes. To go back to my bank robbery example, the object of the conspiracy among the three persons was to rob a bank, which is itself a crime.

A conspiracy is complete, and the crime has occurred, once the agreement has occurred. The government does not have to prove that the conspiracy succeeded or that its objects were achieved.

In my bank robbery example, the three conspirators committed the crime of conspiracy as soon as they agreed to rob the bank. Even if they had been arrested before the robbery occurred, or if the robbery had been attempted but failed, they would have nonetheless committed the crime of conspiracy to commit bank robbery. Even if one of the conspirators later changed his mind, and decided to break into a house that day rather than rob a bank, they would have nonetheless committed the crime of conspiracy to commit bank robbery. But if all three people thought that the object was to commit a crime, but one of them thought it was a different type of crime—for example, if he thought it was an agreement to break into a house—that person would not have conspired with the others to commit bank robbery.

## COUNT ONE—CONSPIRACY TO CONDUCT ENTERPRISE AFFAIRS THROUGH A PATTERN OF RACKETEERING ACTIVITY—ELEMENTS OF THE CRIME

I will now turn to the elements of the crime that the government must prove in this case. Again, the defendant is charged with the crime of conspiracy to commit racketeering.

For you to find Elliott guilty, you must be convinced that the government has proved each of the following things beyond a reasonable doubt:

First, that there was a conspiracy to commit the crime of racketeering—that is, an agreement among two or more persons to conduct the affairs of an enterprise affecting interstate commerce through a pattern of racketeering activity;

Second, that the defendant knowingly and willfully joined in that conspiracy; and

Third, that the defendant or another member of the conspiracy agreed to commit at least two racketeering acts.

I will now explain those elements in detail.

## COUNT ONE—FIRST ELEMENT

The first element that the government must prove beyond a reasonable doubt is that there was a conspiracy to commit the crime of racketeering—that is, that there was an agreement among two or more persons to conduct the affairs of an "enterprise" affecting "interstate commerce" through a "pattern" of "racketeering activity."

I have already explained to you what a "conspiracy" is.  In a moment, I will explain the terms "enterprise," "interstate commerce," "pattern," and "racketeering activity."

**COUNT ONE—FIRST ELEMENT—AGREEMENT CHARGED IN THE INDICTMENT**

Again, the government must prove the existence of an agreement among two or more persons to commit the crime of racketeering.

The government must prove the existence of the agreement charged in the indictment, and not some other agreement. The indictment alleges that from a date unknown, but beginning in or around 2010 and continuing until the present, in Boston, Brockton, and elsewhere in Massachusetts, the defendant, Takari Elliott, also known as "T-Paper," knowingly conspired with other persons to participate, directly or indirectly, in the affairs of the Cameron Street criminal enterprise through a pattern of racketeering activity.

Among others, the government specifically alleges that the following additional persons were part of the conspiracy:

- Marvin Viega, also known as "MV,"

- Anthony Centeio, also known as "\Wheezy,"

- Daronde Bethea, also known as "Freeze,"

- Jonathan Darosa, also known as "Jeezy,"

- Eric Correia, also known as "Bubba,"

- Clayton Rodriguez, also known as "Loo," or "C-Loo,"

- Kenneth Araujo, also known as "Horse,"

- Aaron Almeida, also known as "Ace,"

- Danilo Depina, also known as "Slim,"

- Keiarri Dyette, also known as "Kemo,"

- Jose Rodriguez, also known as "Freak,"

- Charod Taylor, also known as "Pachino,"

29

- Kenny Romero, also known as "KG,"

- Felisberto Lopes, also known as "Phil," or "CheeB,"

- Paulo Santos, also known as "Bucky,"

- Devante Lopes, also known as "D-Lopes," and

- Michael Nguyen, also known as "Asian."

The indictment alleges that Elliott and his co-conspirators are leaders, members, or associates of the criminal street gang called Cameron Street. The indictment alleges that members of Cameron Street engage in criminal activity involving violence, often directed at rival gang members, as well as engage in murders for hire. The indictment alleges that Cameron Street were required to use violence, threats of violence, and intimidation. These acts of violence include murder and assault with deadly weapons, often firearms. The indictment further alleged that Cameron Street members maintained and enhanced their status in the gang, and the overall reputation of the gang, by participating in such violent acts. Cameron Street members are responsible for assisting one another with obtaining and accessing firearms, forming and maintaining drug trafficking connections, resolving territorial disputes with rival gangs, and providing safe havens for members who are wanted by law enforcement. Elliott and his co-conspirators are alleged to have conspired to conduct and participate in the conduct of the affairs of the Cameron Street criminal enterprise through a pattern of racketeering activity that included murder, attempted murder, illegal drug trafficking, and robberies.

If you find beyond a reasonable doubt that a conspiracy of some kind existed between the defendant and some other person, that in and of itself is not sufficient to find the defendant guilty. Again, the government is required to prove, beyond a reasonable doubt, the existence of the conspiracy specified in the indictment.

**COUNT ONE—FIRST ELEMENT—OBJECT OF THE CONSPIRACY**

Again, the object of the conspiracy must be a crime.  Here, the indictment alleges that the object of the conspiracy was the crime of racketeering—specifically, to conduct the affairs of Cameron Street through a pattern of racketeering activity.

### COUNT ONE—FIRST ELEMENT—"ENTERPRISE"

An "enterprise" is a group of people who have associated together for a common purpose of engaging in a course of conduct over a period of time. It may be a group of individuals associated in fact, although not a formal or legal entity.

The "enterprise," in addition to having a common purpose, must have an ongoing organization, either formal or informal, and it must have personnel who function as a continuing unit. The membership of the enterprise may change over time by adding or losing individuals during the course of its existence.

Here, the indictment alleges that the enterprise was a criminal organization known as Cameron Street.

**COUNT ONE—FIRST ELEMENT—AFFECTING "INTERSTATE COMMERCE"**

The "enterprise" must be one affecting "interstate commerce." "Interstate commerce" means the movement of goods, services, money, and individuals between states. It also includes foreign commerce (that is, commerce between the United States and a foreign nation). It includes, among other things, the use of interstate or international mail, wire, telephone, or banking facilities to conduct the affairs of the enterprise; the movement of persons across state or international borders to conduct the affairs of the enterprise; and the possession of firearms on behalf of the enterprise that had been previously transported across state or international borders.

The government must prove that the enterprise was intended to engage in interstate commerce or affect interstate commerce; however, the effect need not be substantial or significant. A minimal effect is sufficient. The government does not have to prove that the enterprise actually affected interstate commerce, or that the defendants knew they were affecting interstate commerce.

**COUNT ONE—FIRST ELEMENT—"RACKETEERING ACTIVITY"**

The "enterprise" must be one "affecting interstate commerce" through a "pattern" of "racketeering activity."  I will first define "racketeering activity," and then define "pattern."

"Racketeering activity" consists of "racketeering acts."  "Racketeering acts" are certain specific crimes defined by federal law.  The racketeering acts alleged in the indictment in this case are the following crimes:

>       murder,
>
>       assault with intent to commit murder,
>
>       armed assault with intent to commit murder,
>
>       conspiracy to commit murder,
>
>       robbery, and
>
>       drug trafficking

In a moment, I will explain the elements of some of these offenses in more detail.

## COUNT ONE—FIRST ELEMENT—"PATTERN"

A "pattern" of racketeering activity consists of two or more racketeering acts that are related and pose a threat of continued criminal activity.

To prove that the acts of racketeering are "related," the government must prove that the acts had a meaningful connection to the enterprise, and that they had the same or similar purposes, results, participants, victims, or methods of commission, or that they are otherwise interrelated by distinguishing characteristics and not merely isolated events. The acts may be dissimilar or not directly related to each other, as long as they are related to the enterprise. A series of disconnected crimes does not constitute a pattern of racketeering activity.

Examples of "related" racketeering acts are acts that benefit the enterprise, that are authorized by the enterprise, or that further or promote the purposes of the enterprise.

To prove that racketeering acts pose a threat of "continued racketeering activity," the government must prove that the acts are not a series of disconnected crimes, but part of a long-term association that exists for criminal purposes.

## COUNT ONE—SECOND ELEMENT—KNOWINGLY AND WILLFULLY AGREED TO PARTICIPATE IN THE CONSPIRACY

The second element that the government must prove beyond a reasonable doubt is that the defendants knowingly and willfully joined the conspiracy charged in the indictment.

A defendant acted "knowingly" if he acted with knowledge and awareness of his actions, and did not act out of ignorance, mistake, neglect, or accident.

The defendant acted "willfully" if he acted voluntarily and intentionally, and with the specific intent to do something the law forbids—that is, with a bad purpose either to disobey or to disregard the law.

**COUNT ONE—SECOND ELEMENT—KNOWLEDGE OF AIMS OF CONSPIRACY**

The government must prove that the defendant joined the conspiracy with knowledge of its basic aims and unlawful purpose and with the specific intention of furthering its objectives.

The government does not have to prove that the defendant knew the identities of each and every other member of the conspiracy. It does not have to prove that the defendants were aware or informed of all of the activities of the other members, all of the details of the conspiracy, or its complete scope. However, it must prove that the defendant knew at least some of the essential purposes or objectives of the conspiracy and intended to aid in the accomplishment of its objects.

It is not enough for the government to prove, without more, that the defendants simply knew of, or acquiesced in, the conspiracy. The fact that the defendant merely happened to further the purposes or objectives of the conspiracy, without more, is not sufficient.

### COUNT ONE—SECOND ELEMENT—INDIRECT PROOF OF INTENT

Ordinarily, knowledge or intent may not be proved directly, because there is no way of directly scrutinizing the workings of the human mind.  Knowledge and intent must be proved indirectly.

In determining what a defendant knew or intended at a particular time, you may consider any statements he may have made; anything that he did, or failed to do; and any other evidence that may reflect his knowledge or intent.  You may infer—although you are not required to—that a person intends the natural and probable consequences of his acts or omissions when those acts are done knowingly.

## COUNT ONE—THIRD ELEMENT—AGREEMENT TO COMMIT RACKETEERING ACTS

The third element that the government must prove beyond a reasonable doubt is that the defendant or another member of the conspiracy agreed to commit at least two racketeering acts.

The government must prove that that defendant agreed that the objective of the enterprise would be to engage in a pattern of racketeering activity. In other words, the government must prove that the defendant agreed to join the conspiracy, and that the conspiracy involved, or would involve, the commission of two racketeering acts. The government is not required to prove that the defendant agreed to personally commit two racketeering acts or that he actually committed two such acts. However, the government must prove that the defendant intended to further an endeavor that would have satisfied, or actually did satisfy, the requirement of a pattern of racketeering activity.

## COUNT ONE—THIRD ELEMENT—RACKETEERING ACTS—MASSACHUSETTS AND FEDERAL LAW

Again, the definition of "racketeering acts" is limited to a specific list of crimes set by statute.  Furthermore, the indictment charges that the pattern of racketeering activity engaged in by the enterprise (that is, by Cameron Street) consisted of certain specific types of crimes, for example, those involving murder.

There are many other crimes that do not qualify as "racketeering acts."  In order to be convicted of conspiracy to commit racketeering, the government must prove that the defendant agreed that one or more members of the enterprise would commit crimes that qualify as racketeering acts by law, and that are specified in the indictment.

Again, the defendant is *not* charged with having committed any of these crimes.  He is charged with conspiracy to commit racketeering.  I am providing you with these definitions so that you can determine whether the object of the conspiracy was to conduct the affairs of an enterprise through a pattern of racketeering activity.  I will also instruct you on the definitions of certain related crimes that are *not* racketeering acts, to try to give you a reasonably clear picture of what the law requires.

**COUNT ONE—THIRD ELEMENT—NO PROOF OF SPECIFIC RACKETEERING ACTS REQUIRED**

Because Elliott is charged with conspiracy, it is not necessary for the government to prove that anyone actually committed two or more racketeering acts.  Indeed, the government does not have to prove that any racketeering act occurred at all.  Thus, for example, as long as the defendant agreed to participate in the conduct of an enterprise with the knowledge that some members would engage in murders, the government need not prove that the murders ever happened, or that the defendants specifically agreed that the enterprise would murder any specific person on any specific day.

## COUNT ONE—THIRD ELEMENT—UNANIMOUS AGREEMENT ON TYPE OF RACKETEERING ACTIVITY

Again, the government is not required to prove that any specific acts are racketeering acts, or that any such acts occurred at all.  However, the government must prove that the defendant agreed to join an enterprise that engaged in the *particular types* of racketeering acts alleged in the indictment.  You must unanimously agree on which type or types of racketeering activity that the defendant agreed the enterprise would conduct—for example, at least two acts involving murder, including murder or assault with intent to murder; or at least two acts of drug trafficking; or two robberies, or any combination of them.

## COUNT ONE—DEFINITION OF MURDER

One crime that qualifies as a type of a "racketeering act" is the crime of murder.

Murder is the unlawful killing of a human being.  To find a defendant guilty of murder, the government must prove that the defendant (1) caused the victim's death, and (2) acted with malice.

A defendant's act "caused" the victim's death if the act, in a natural and continuous sequence, results in death, and if the death would not have occurred without the act.

A defendant acted with "malice" if he (1) intended to kill the victim, (2) intended to cause grievous bodily harm to the victim, or (3) intended to do an act which, in the circumstances known to the defendant, a reasonable person would have known created a plain and strong likelihood that death would result.  Malice can be proved in any one of those three ways, and the government satisfies its burden of proof if it proves any one of the three.

The first alternative is that the defendant intended to kill the victim.  Intent refers to the defendant's objectives or purposes.  A defendant must have had it in his mind to kill the victim.  It involves concentrating or focusing the mind for some perceptible period.  It is a conscious act, with the determination of the mind to do the act.  It is contemplation rather than reflection, and it must precede the act.  A defendant must have possessed an actual, subjective intent to kill.

The second is that the defendant intended to cause grievous bodily harm to the victim. Grievous bodily harm means severe injury to the body.

The third is that the defendant intended to do an act which, in the circumstances known to the defendant, a reasonable person would have known created a plain and strong likelihood that death would result.  You must first determine whether the defendant intended to perform the act that caused the victim's death.  You must then determine what the defendant himself actually knew about the relevant circumstances at the time he acted.  You must then determine whether, under the circumstances known to the defendant, a reasonable person would have known that the act

intended by the defendant created a plain and strong likelihood that death would result.

You are permitted, but not required, to infer that a defendant who intentionally uses a dangerous weapon on another person intends to kill that person.

## COUNT ONE—KNOWING PARTICIPATION IN A MURDER

In order to be guilty of murder, it is not necessary that the defendant himself performed the act that caused the victim's death.  A person may be guilty of murder if he knowingly participates with one or more other persons to commit a murder, even if he himself did not kill the victim.

To establish that a defendant is guilty of murder under such circumstances, the government must prove two things beyond a reasonable doubt.  First, the government must prove that the defendant knowingly participated in the commission of a murder.  Second, the government must prove that he possessed or shared the intent required for that murder.

The first requirement is that the defendant "knowingly participated" in the murder.  Such knowing participation may take the form of any or all of the following:

- personally committing an act of murder;

- providing aid or assistance to another person to commit a murder;

- asking or encouraging another person to commit a murder;

- helping to plan the commission of a murder;

- agreeing to stand by at, or near, the scene of the crime to act as a lookout; or

- agreeing in advance of the murder to provide aid or assistance in escaping, if such help becomes necessary

The second requirement is that the defendant intended to commit or participate in a murder.  You are permitted, but not required, to infer a defendant's mental state or intent from his knowledge of the circumstances or his participation in the crime.  Any inferences you draw, however, must be reasonable.  It is not necessary that the defendant enter into a formal or explicit written or oral plan or agreement to commit or participate in the murder.

Mere presence at the scene of the crime, without more, is not sufficient to prove intent. Mere knowledge that a murder is to be committed is not sufficient, even if a person knew about the intended murder in advance and took no steps to prevent it. Nor is mere association with the perpetrator of the murder, either before or after its commission. To find a defendant guilty, there must be proof that he knowingly participated in the murder and that he intended to commit or participate in the murder.

## COUNT ONE—ATTEMPTED MURDER AND CONSPIRACY TO COMMIT MURDER

In addition to murder, the following crimes also qualify as "racketeering acts":

### Assault with Intent to Murder

The crime of assault with intent to murder punishes the attempted commission of a murder. The elements of assault with intent to murder are (1) that the perpetrator assaulted another person, and (2) that the perpetrator possessed a specific intent to kill.

An assault is an attempted or threatened battery, which is a harmful or offensive touching of another. The assault must be committed with a specific intent to kill the victim (which may be inferred from the defendant's conduct).

### Armed Assault with Intent to Murder

Armed assault with intent to murder is an aggravated form of assault with intent to murder. The elements of armed assault with intent to murder are (1) that the defendant assaulted another person, (2) that the defendant possessed a specific intent to cause the death of the person assaulted, and (3) that, at the time of the assault, the defendant was armed with a dangerous weapon. A dangerous weapon is any instrument that by the nature of its construction or the manner of its use is capable of causing grievous bodily injury or death, or could be perceived by a reasonable person as capable of causing such injury. The defendant need not display, use, or otherwise make the victim aware of the dangerous weapon to be guilty of armed assault with intent to murder.

### Conspiracy to Commit Murder

The elements of conspiracy to commit murder are (1) an agreement or plan between two or more persons, (2) to commit murder, where (3) the defendant knowingly joined the conspiracy with intent that the murder be accomplished. The essence of criminal conspiracy is the knowing agreement to commit an unlawful act; thus, the defendant need not have taken any concrete steps to carry out the plan. The defendant can be convicted based on circumstantial evidence that he or

47

she intentionally joined the conspiracy with knowledge of the agreement and its purpose.  Evidence that an individual learned of a murder after it was committed is not sufficient, by itself, to establish that he joined a conspiracy to commit murder.

### THIRD ELEMENT—RACKETEERING ACTS—MASSACHUSETTS LAW— ROBBERY

The following crimes under Massachusetts law also constitute "racketeering acts" under federal law, and as charged in the indictment.

### Armed Robbery

The elements of armed robbery are (1) a larceny from the victim's person (2) by force and violence or by assault and putting in fear, and (3) that the perpetrator was armed with a dangerous weapon. A larceny is the taking and carrying away of the personal property of another against his will with intent to steal. There must be actual or threatened force to steal the victim's property. The degree of force employed is immaterial, as long as there is a causal connection between the perpetrator's use of violence or intimidation and the larceny. The perpetrator need not display, use, or otherwise make the victim aware of the presence of the dangerous weapon to be guilty of armed robbery.

### Armed Assault with Intent to Rob

The crime of armed assault with intent to rob punishes the attempted commission of an armed robbery. The elements of armed assault with intent to rob are (1) an assault (2) with a specific intent to rob the person assaulted and (3) that the perpetrator was armed with a dangerous weapon at the time of the assault.

### THIRD ELEMENT—RACKETEERING ACTS—FEDERAL LAW

The following federal crimes also constitute "racketeering acts" under federal law, and as charged in the indictment.

**<u>Conspiracy to Distribute Controlled Substances or to Possess with Intent to Distribute</u>**

It is also a federal crime to conspire to distribute controlled substances, including marijuana, or to possess such substances with the intent to distribute. The elements of distribution or possession with intent to distribute a controlled substance are (1) possession with intent to distribute or distribution of a controlled substance to another person, (2) knowledge that the substance was a controlled substance, and (3) intentional action or conscious object to transfer the controlled substance to another person. It is not necessary that the perpetrator benefit in any way from the transfer.

### COUNT ONE—CRIMES THAT DO NOT QUALIFY AS RACKETEERING ACTS

The following crimes under federal and Massachusetts law do *not* qualify as "racketeering acts." Various state and federal firearms laws forbid the possession and sale of unlicensed firearms and the possession of firearms by individuals who have been previously convicted of a federal crime or were not lawfully present in the United States.

## FOREPERSON'S ROLE; UNANIMITY

I come now to the last part of the instructions, the rules for your deliberations. When you retire, you will discuss the case with the other jurors to reach agreement if you can do so. You shall permit your foreperson to preside over your deliberations, and your foreperson will speak for you here in court. Your verdict must be unanimous—that is, all of you must agree on the verdict.

## REACHING AGREEMENT

Each of you must decide the case for yourself, but you should do so only after considering all the evidence, discussing it fully with the other jurors, and listening to the views of the other jurors.

Do not be afraid to change your opinion if you think you are wrong. But do not come to a decision simply because other jurors think it is right.

It is important that you reach a verdict if you can do so conscientiously. You should not hesitate to reconsider your views from time to time and to change them if you are persuaded that this is appropriate.

It is important that you attempt to return a verdict, but of course, only if each of you can do so after having made your own conscientious determination. Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

## RETURN OF VERDICT FORM

I want to explain to you now what is called the verdict form. This is simply the written notice of the decision you will reach in this case.

**[The court explains the verdict form.]**

After you have reached a unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the jury officer outside your door that you are ready to return to the courtroom.

After you return to the courtroom, your foreperson will deliver the completed verdict form as directed in open court.

## COMMUNICATION WITH THE COURT

If it becomes necessary during your deliberations to communicate with me, you may send through the jury officer a note signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing, and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court. If you send out a question, I will consult with the parties as promptly as possible before answering it, which may take some time. You may continue with your deliberations while waiting for the answer to any question.

When you are communicating with me, please do not tell me—or anyone else—how the jury stands numerically or toward which decision the jury is leaning.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

By:    /s/ Christopher Pohl
       Christopher Pohl
       Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on February 2, 2026.

By:    /s/ Christopher Pohl
       Christopher Pohl
       Assistant U.S. Attorney