# United States Court of Appeals
## For the First Circuit

No. 24-1584

UNITED STATES,

Appellee,

v.

DARONDE BETHEA, a/k/a Freeze,

Defendant - Appellant.

Before

Rikelman, Howard, and Aframe,
<u>Circuit Judges</u>.

**JUDGMENT**
Entered: February 9, 2026

    Defendant-appellant challenges his sentence, imposed for conspiracy to participate in a racketeering enterprise; conspiracy to interfere with commerce by threats or violence; and being a felon in possession of a firearm. The district court sentenced him to 250 months' imprisonment. On appeal, the government moved for summary disposition and defendant filed no response.

    Defendant first attacks the appeal waiver that would otherwise appear to be applicable. Because the merits are clear, we bypass the issue of the waiver's enforceability. <u>See</u> <u>United States</u> v. <u>Salas-Fernandez</u>, 620 F.3d 45, 47 (1st Cir. 2010) (noting that court may bypass appeal waiver issues to reach "easily resolved" substantive issues).

    Defendant also attacks his sentence as substantively unreasonable because of a sentencing disparity between his sentence and generalized sentencing data, as well as with respect to certain defendants in a separate case. The government contends defendant has neither sufficiently preserved nor adequately argued the issue. While the government makes a strong point, we again bypass those issues in favor of a disposition on the merits.

    The JSIN data to which defendant points is "an online sentencing-data resource that 'enables a user to obtain information about offenders under the same primary guideline.' <u>See</u> <u>United States</u> v. <u>Brewster</u>, 116 F.4th 1051, 1055 (9th Cir. 2024) (quotations omitted), <u>cert</u>. <u>denied</u>, 145

S.Ct. 1148 (2025)." United States v. Gianatasio, 2025 WL 3094127, *3 (1st Cir. 2025) (unpub.). Here, the district court was clearly aware of the limited JSIN data provided in the Presentence Investigation Report. At the beginning of the sentencing hearing, it stated, "But more to the point, I do look at the sentences for offenses of this sort. I do not sentence by any algorithm, I look at the databases that give me counterpart sentences. Today the sentencing commission does a very helpful computer . . . construct that . . . tells me, for the last five years, that the average sentence for those convicted of this offense, this array of offenses is . . . 137 months." While it did not specifically dissect this information, the court considered the section 3553(a) factors "and thus endeavored to reach a sentence that avoided unwarranted sentencing disparities." United States v. Mello, 164 F.4th 120, 141 n.14 (1st Cir. 2026).

As to the specific comparators defendant raised below, as we noted in United States v. Robertson, a disparity claim will fail "'if material differences between the defendant and the proposed comparators suffice to explain the divergence,' and material differences include 'dissimilar criminal involvement, criminal histories, or cooperation with the government to name just a few.' United States v. Romero, 906 F.3d 196, 211-12 (1st Cir. 2018) (cleaned up)." 162 F.4th 209, 251 (1st Cir. 2025). As in Robertson, defendant himself highlighted some of these differences and others are apparent from review of the available record, including total offense level, criminal history category, and type of plea agreement. The court was clearly aware of this information because it specifically stated that "the most important step [is] to fashion a fair and a just sentence . . . having in mind . . . the information that is before the [c]ourt, the needs of society, his personal situation. . . . I've read the sentencing memoranda with care." The distinctions between defendant and the comparators are in themselves sufficient to explain the differences in the sentencing decisions. Ultimately, the court sentenced this specific defendant for reasons that find ample support in the record.

For the foregoing reasons, the government's motion for summary disposition is granted and defendant's sentence is affirmed. 1st Cir. L. R. 27.0(c).

By the Court:

Anastasia Dubrovsky, Clerk

cc:
Leslie Feldman-Rumpler
Matthew Kyle Winchester
Daronde Bethea
Christopher John Pohl
Donald Campbell Lockhart
Alathea E. Porter
Charles Dell'Anno